IN THE DISTRICT COURT OF JACKSON COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| L.C. ROGERS, and<br>GWENDOLYN ROGERS,<br><br>    Plaintiffs,<br><br>vs.<br><br>ZIMMER US, INC. d/b/a ZIMMER BIOMET<br>ZIMMER BIOMET HOLDINGS, INC. f/k/a<br>ZIMMER HOLDINGS, INC., and ZIMMER INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) CJ-20-100<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
JACKSON COUNTY
NOV 1 2 2020
Tina Swailes
Court Clerk
By: _____ DEPUTY

## PETITION

**COME NOW** the Plaintiffs, L.C. Rogers, and Plaintiff Gwendolyn Rogers, by and through their attorneys, Delluomo & Crow, and for their cause of action over and against Defendant Zimmer US, Inc. d/b/a Zimmer Biomet, Defendant Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc. and Zimmer, Inc., (hereinafter collectively referred to as "Defendants"), allege and state as follows:

1. Plaintiff L.C. Rogers and Plaintiff Gwendolyn Rogers are husband and wife and residents of Vernon, Texas.

2. Defendant Zimmer US, Inc. d/b/a Zimmer Biomet, Zimmer Biomet Holdings, Inc. f/k/a Zimmer Holdings, Inc. and Zimmer, Inc., are foreign corporations, doing business in the State of Oklahoma.

3. That Defendants are manufactures and distributors of medical devices in the United States, to include Oklahoma.

4. That in March of 2018, Plaintiff L.C. Rogers underwent hip replacement surgery and was implanted with a hip replacement hardware.

5. Defendants were manufacturers and sellers of a defective artificial hip.

6. That on January 21, 2019, Plaintiff L.C. Rogers discovered that a defective "cup" on the device had failed and the screws had come loose. Plaintiff underwent a second surgery to replace

the defective cup and screws. Plaintiff was hospitalized for seven (7) days. This occurred and the action arose in Jackson County, Oklahoma.

7.    In July of 2019, Plaintiff had to undergo a third surgery to repair/replace the "stem" of the device, which had come loose. Plaintiff was hospitalized for five (5) days.

8.    During the course of the multiple surgeries to repair defective device, Plaintiff contracted groin disease as a result.

## COUNT I
## NEGLIGENCE

Plaintiffs reallege and readopt all allegations set forth above, as if specifically pled herein below, and plead additionally as follows:

9.    That the Defendants owed a duty of care to Plaintiffs and to the public to use reasonable care in the development, production, manufacture, and advertising of their medical devices and products.

10.   That the Defendants breached the aforementioned duties by, among other things, failing to use reasonable care in the development, production, manufacture and advertising of their medical devices.

11.   That as a direct cause of Defendants' breach of duty and negligent acts to the Plaintiff, Plaintiff L.C. Rogers was injured and has suffered certain permanent and personal injuries including mental and physical pain and suffering; Plaintiff has incurred medical bills, lost wages, loss of enjoyment of life and permanent impairment to his whole body, all caused by the negligence of the Defendants and all to the detriment of the Plaintiffs.

**WHEREFORE**, premises considered, the Plaintiffs pray for judgment against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs and interest thereon.

## COUNT II

Plaintiffs reallege and readopt all allegations set forth above, as if specifically pled herein below, and plead additionally as follows:

12. The knee replacement hardware product implanted in Plaintiff, was sold and/or manufactured by Defendants. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff L.C. Rogers continues to have problems caused by the product and needs additional medical care. The defect included a defective cup, defective stem and defective screws that had come loose, necessitating surgeries to correct.

13. Defendants owed Plaintiffs a duty of care, which required it to not sell a defective product, and Defendants are liable to Plaintiff for his damages and personal injuries pursuant to the doctrine of strict product liability.

14. Defendants are responsible for its agents, employees and sub-contractors under the doctrine of respondent superior. Defendants breached the warranty and contractual duty owed to Plaintiff.

15. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the propensity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in the design and manufacturing of the product was the actual and proximate cause of Plaintiff's injuries. Defendants are jointly and severally liable. Defendants failed to warn about the dangers of their product.

16. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, the Plaintiff was injured and has suffered certain permanent and personal injuries including mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff has incurred

medical bills and will incur future medical bills, loss of enjoyment of life and permanent impairment to his whole body, all caused by the Defendants and all to the detriment of the Plaintiff. Further, Plaintiff has suffered excruciating pain and suffering.

17. Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product. Defendants have known about the defect since 2004.

18. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**WHEREFORE**, premises considered, the Plaintiff L.C. Rogers, prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees and costs and interest thereon.

## COUNT III

Plaintiffs reallege and readopt all allegations set forth above, as if specifically pled herein below, and plead additionally as follows:

19. That the Defendants failed to warn the consumers, specifically the Plaintiff of the dangers associated with the product and failed to warn of possible side effects.

20. That as a direct cause of Defendant's failure to warn the Plaintiff, Plaintiff was injured and has suffered certain permanent and personal injuries including mental and physical pain and suffering; Plaintiff has incurred medical bills, lost wages, loss of enjoyment of life and permanent impairment to his whole body, all caused by the failure to warn of the Defendant and all to the detriment of the Plaintiff.

**WHEREFORE**, premises considered, the Plaintiff L.C. Rogers, prays for judgment against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs and interest thereon.

## COUNT IV

Plaintiffs reallege and readopt all allegations set forth above, as if specifically pled herein below, and plead additionally as follows:

21.  That the Defendants breached the express and implied warranties of the product (shoulder hardware) and did so knowingly to the detriment of the Plaintiff and the public.

22.  That as a direct cause of Defendants' breach of the express and implied warranties to the Plaintiff; Plaintiff was injured and has suffered certain permanent and personal injuries including mental and physical pain and suffering; Plaintiff has incurred medical bills, lost wages, loss of enjoyment of life and permanent impairment to his whole body, all caused by the breach of warranties of the Defendant and all to the detriment of the Plaintiff. Defendant should be punished for their wrongful acts.

**WHEREFORE**, premises considered, the Plaintiff L.C. Rogers, prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs and interest thereon.

## COUNT V

Plaintiffs reallege and readopt all allegations set forth above, as if specifically pled herein below, and plead additionally as follows:

23.  As a result of the negligent acts by Defendant Zimmer, Plaintiff L.C. Rogers sustained serious injuries.

24. That on all relevant dates in this petition, Plaintiffs L.C. Rogers and Gwendolyn Rogers were and have remained husband and wife.

25. As a result of the injuries sustained by Plaintiff L.C. Rogers, Plaintiff L.C. Rogers was unable to perform certain spousal services for Plaintiff Mrs. Rogers.

26. As a result of Plaintiff L.C. Rogers injuries, Plaintiff Gwendolyn Rogers has suffered certain damages, specifically a loss of consortium.

**WHEREFORE,** premises considered, the Plaintiff Mrs. Rogers, individually, prays for judgment against Defendants in an amount in excess of Seventy Thousand Dollars ($75,000.00), costs, attorney fees and any other relief this Court deems just and proper.

Respectfully submitted,

*[signature]*

**DANIEL M. DELLUOMO, OBA #11810**
**DELLUOMO & CROW**, PA.
6812 N. Robinson Avenue
Oklahoma City, Oklahoma   73116
(405) 843-0400
(405) 843-5005 (fax)
monty@delluomo.com
**ATTORNEY FOR PLAINTIFFS**

*JURY TRIAL DEMANDED*
*ATTORNEYS LIEN CLAIMED*